**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH BURCKHARD,** | : | **CIVIL NO. 1:CV-05-0659** |
| **Petitioner,** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **JOHN A PALAKOVICH, SUPERINTENDENT, SCI-SMITHFIELD,** | : | |
| **Respondent** | : | |

**MEMORANDUM AND ORDER**

Petitioner, Joseph Burckhard ("Burckhard"), an inmate presently incarcerated in the State Correctional Institution at Smithfield, Huntingdon, Pennsylvania, filed the instant petition for writ of habeas corpus on April 1, 2005, pursuant to 28 U.S.C. §2254, attacking a conviction imposed by the Court of Common Pleas for Centre County.[1] The petition is ripe for disposition. For the reasons set forth below, the petition will be denied.

## I. Background

The following facts were extracted from the Pennsylvania Superior Court opinion.

> Appellant was charged with three hundred eighty four counts (384) of involuntary deviate sexual intercourse (IDSI), one hundred and thirty-one (131) counts of indecent assault, and one count of endangering the welfare of children and corruption of minors, stemming from events which allegedly occurred between Appellant and a six-year-old victim, P.K., beginning in September 1988, and ending in December of 1990. During this period, Appellant's wife was babysitting P.K. and her brother, at Appellant's home. P.K. and her brother were dropped off at Appellant's home around 5:30 a.m. each morning and, because school did not begin until 8:15 a.m.,

---

[1]In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Burckhard was advised that he could (1) have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petitions, absent certification by the court of appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act. Burckhard chose to have his petition ruled on as filed.

> they would sleep in Appellant's living room until it was time for them to leave for school. During many of these mornings, Appellant would lure P.K. upstairs into his bedroom. Once there, Appellant would undress her and himself, take her to his bed, and anally penetrate her. This abuse occurred regularly for a period of two years.
>
> A jury trial was held on June 2, 1997, and Appellant was found guilty of fifty-four (54) counts of IDSI, sixteen (16) counts of indecent assault and one (1) count of corruption of minors. Appellant was sentenced [on July 29, 1997] to thirty [five] (35) to seventy (70) years imprisonment.

(Doc. 22, pp. 29-30, 25). He filed a post-trial motion, which was denied. (Doc. 22, p. 25). In his appeal to the Pennsylvania Superior Court, he raised two claims of error: "First, . . . that the trial court erred in failing to grant his motion for mistrial after the Commonwealth, during opening statements, referred to allegations that [he] had engaged in misconduct involving another child and; second, . . . [that] the trial court erred in permitting the Commonwealth to introduce witness testimony regarding certain unusual behavior allegedly exhibited by P.K." (Doc. 22, Brief for Appellant, p. 30). The judgment of the Court of Common Pleas of Centre County was affirmed on December 6, 1999. (Doc. 22, superior court opinion, p. 28). He subsequently filed a petition for allowance of appeal, which was denied.

Thereafter, he timely filed a petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, claiming that his counsel had been constitutionally ineffective for a number of reasons, including: failing to appeal the trial court's denial of his request for a Bill of Particulars; failing to present evidence of an alleged extramarital affair; failing to appeal the manner in which the trial court handled the reading of his testimony to the jury on the issue of the extramarital affair; failing to raise the issue of sufficiency of the evidence in the appeal; failing to appeal the trial court's denial of trial counsel's request for a jury instruction on prompt complaint. (Doc. 22, PCRA Court opinion, pp. 47-48). On July 21, 2003, the PCRA Court issued a lengthy opinion addressing each of the issues raised

and ultimately denying Burckhard's request for relief. (Id.). He appealed the decision. On May 28, 2004, in affirming the PCRA Court, the superior court adopted the PCRA Court's opinion as its own "for purposes of further appellate review." (Doc. 22, superior court opinion, PCRA appeal, p. 63). Burckhard filed a petition for allowance of appeal. The Pennsylvania Supreme Court denied the petition on December 29, 2004. (Doc. 22, Pennsylvania Supreme Court opinion, PCRA appeal, p. 65).

Burckhard filed the instant petition on April 1, 2005. Included in the petition are the following issues:

1) Whether counsel was ineffective for failing to appeal the trial court's denial of trial counsel's request for a Bill of Particulars;[2]

2) Whether the trial court committed reversible error in: (a) failing to grant trial counsel's motion for a mistrial; (b) allowing the victim's mother to testify as an expert witness; and (c) allowing the Commonwealth to withhold evidence;

3) Whether the trial court committed reversible error in: (a) failing to allow trial counsel to present evidence as to the "actual perpetrator"; (b) precluding evidence concerning an extramarital affair; and (c) excluding evidence about the victim's mother's boyfriend's rape conviction;

4) Whether the trial court committed reversible error in allowing Burckhard to be convicted as there was insufficient evidence;

5) Whether the trial court committed reversible error in failing to give jury instructions on the prompt complaint issue and the testimony of a child witness;

6) Whether the trial court committed reversible error by not allowing the jury to have the defendant's testimony during deliberations and by instructing the jury to disregard defendant's testimony;

7) Whether counsel was ineffective in failing to challenge an illegal sentence; and

8) Whether the trial court erred in imposing an illegal sentence.

---

[2] Although Burckhard identifies this issue as trial court error, it is clear from the argument made in his the memorandum that he is raising ineffective assistance of counsel. Doc. 2, p. 13).

## II. Discussion

### A. Exhaustion of State Court Remedies

#### 1. Standard of Review

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). However, habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989). Fair presentation is accomplished "by invoking one complete round of the State's established appellate review process," thereby alerting the state courts to the federal nature of the claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan, 526 U.S. at 845 (1999); Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002). A claim is fairly presented when there is:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the

mainstream of constitutional litigation.

McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999). If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Teague v. Lane, 489 U.S. 288, 297-98 (1989); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show "not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." See United States v. Frady, 456 U.S. 152, 170 (1982).

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 F.3d at 224. The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

2. Discussion

There are a number of issues contained in Burckhard's petition that have not been exhausted.

The following issues were never presented to the state courts: whether the trial court committed reversible error in allowing the Commonwealth to withhold evidence concerning the victim's self-destructive behavior; whether the trial court erred in excluding evidence about the victim's mother's boyfriend's rape conviction; whether the trial court committed error in imposing an illegal sentence; and whether counsel was ineffective in failing to challenge an illegal sentence. Because these claims were not presented to the state courts, they are unexhausted.

Further, neither of the issues presented in Burckhard's direct appeal were fairly presented to the state courts in that the challenges were based upon state law, not the Constitution of the United States. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin, 541 U.S. at 32-33. In his direct appeal, Burckhard argued that the applicable standard of review in considering allegations of error in the admission or exclusion of evidence was abuse of discretion. (Doc. 22, p. 7). The issues were presented as violations of state evidentiary rules and laws. He failed to invoke a single constitutional provision and did not rely on any federal case law. Moreover, the state court's analysis was wholly based upon state court

precedent analyzing state evidentiary rules.[3] (Doc. 22, Brief for Appellant Filed in the Superior Court

---

[3]In addition, these claims are simply not cognizable in a federal habeas proceeding because they implicate a violation of state evidentiary rules, not federal law. Hence, it is not a proper subject for federal habeas review. See Johnson v. Rosemeyer, 117 F.3d 104, 109; see also Geschwendt v.

of Pennsylvania, pp. 20-26).

Procedural rules bar Burckhard from pursuing these issues in state court.[4] Accordingly, he has procedurally defaulted on these claims. The exceptions to procedural default do not apply in this case. Burckhard has not averred cause for, or prejudice by, the default. He has not demonstrated his actual innocence such that a lack of review by the court would constitute a fundamental miscarriage of justice. See McCandless, 172 F.3d at 260. Consequently, he is precluded from pursuing federal habeas corpus relief with regard to these issues.

In the remaining claims, Burckhard contends that he is entitled to relief because the trial court committed reversible error. Notably, while the substance of each of these claims was presented in Burckhard's PCRA petition, they were not presented as trial court error claims. Rather, they were presented as ineffective assistance of counsel claims. As such, the trial court error claims are unexhausted and, as noted above, he is now precluded from pursuing these claims in state court. Moreover, exceptions to procedural default do not apply in this case. However, because Burckhard exhausted the claims in the context of ineffective assistance of counsel, in the interests of justice, the court will review the merits of these claims as presented in state court.

---

Ryan, 967 F. 2d 877, 888-89 (3d Cir. 1992); Hawkins v. Carroll, No. 03-1165-KAJ, 2005 WL 3336538 at *3 (D. Del. Dec. 8, 2005) (finding a violation of state evidentiary law is not cognizable in a federal habeas proceeding); McLaughin v. Carroll, 270 F. Supp. 2d 490, 514 (D. Del. 2003) (same).

[4]The time period for filing a second PCRA has expired. See 42 PA. CONS. STAT. § 9545(b)(1) (setting for a one year limitations period). Burckhard raises no argument, and the record suggests no possibility, that his claims fall within an exception to the limitations period for filing a petition under the PCRA. See 42 PA. CONS. STAT. §9545(b)(1) (permitting petitions to be filed more than one year after judgment if the failure to raise the claim is attributable to government interference, the facts underlying the claim could not have been ascertained previously, or the claim involves rights newly recognized and retroactively applied by the Supreme Court).

B. Merits

1. Standard of Review

Section 2254(d) of Title 28 of the United States Code provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was "contrary to" federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an "unreasonable application" of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id. Further, factual determinations made by the state court are "presumed to be correct." 28 U.S.C. § 2254(e)(1). A petitioner may only rebut this presumption with "clear and convincing evidence" of the state court's error. Id.

To sustain a claim for ineffective assistance of counsel, a petitioner must show that counsel's performance was objectively deficient and that this deficient performance prejudiced his or her defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In evaluating whether counsel's performance was deficient, the court must defer to counsel's tactical decisions, avoiding "the distorting effects of hindsight," and give counsel the benefit of a strong presumption of reasonableness. See id. at 689;

Gov't of the Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996). The performance and prejudice prongs of Strickland may be addressed in either order, and, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Strickland, 466 U.S. at 697.

2. Discussion.

The PCRA Court utilized the following standard of review in evaluating Burckhard's ineffective assistance of counsel claims:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which . . . so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Commonwealth v. Howard, 749 A.2d 941, 949 (Pa. Super. Ct. 2000) (citing Commonwealth v. Stevens, 559 Pa. 171, 180, 739 A.2d 507, 512 (1999)). Petitioner must show (1) the claim of counsel's ineffectiveness has merit; (2) counsel had no reasonable strategic basis for his action or inaction, and counsel's error prejudiced the petitioner, i.e., there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Id. Counsel is presumed to be effective. Id. It is the burden of Petitioner to show otherwise. Id.

(Doc. 22, PCRA Court opinion, pp. 48-49).[5]

a. Issue 1

Burckhard argues that counsel was ineffective for failing to appeal the trial court's denial of his request for a Bill of Particulars. The state court concluded that because the Commonwealth had provided as much specificity as possible regarding the charged conduct, the request for a Bill of

[5]On appeal from the PCRA opinion, the superior court observed that the PCRA Court held an evidentiary hearing and "has written a well-reasoned sixteen-page opinion that thoroughly considers the evidence adduced at trial and during the PCRA hearing. PCRA Court Opinion, 7/22/03. The opinion addresses all of the issues raised by Appellant in the appeal. We discern no errors of law in . . . [the] opinion, and consequently, we adopt it as our own for purposes of further appellate review." (Doc. 22, superior court opinion, p. 63).

Particulars was properly denied.[6] (Doc. 22, PCRA Court opinion, p. 50). With regard to counsel's decision not to pursue the issue on appeal, the court stated as follows:

> Additionally, at [Burckhard's] PCRA Hearing, [his] appellate counsel, Attorney McGraw, indicated his strategy for not pursuing an appeal on this issue. Attorney McGraw testified he did not believe the argument regarding the denial of [Burckhard's] request was particularly strong. Attorney McGraw testified he chose to brief and argue the strongest issues on appeal to the Superior Court instead of arguing all possible claims of error and diluting his stronger arguments. The Court determines that [Burckhard] has failed to prove his claim of ineffectiveness of appellate counsel for failing to appeal the trial court's denial of his request for a Bill of Particulars has merit.

(Doc. 22, PCRA Court opinion, p. 51).

Although the state court did not cite to Strickland, the case law that the court relied upon contained the same standard of review as the governing United States Supreme Court standard. There is no indication that the state court unreasonably applied established federal law in reaching its decision, or that the state court decision was based on an unreasonable application of the facts in light of the evidence presented at trial. Burckhard has not demonstrated that the state court's decision, when evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably justified. Matteo, 171 F.3d at 891. Habeas relief on this ground will therefore be denied.

b. Issue 3(a), (b), 6

Burckhard contends that the trial court committed error in failing to allow defense counsel to present evidence of an alleged extramarital affair between Mrs. Burckhard and a Mr. Don Knott because this evidence was relevant to his defense that Mr. Knott was the actual perpetrator. In his PCRA petition, Burckhard contended that trial counsel was ineffective for failing to present evidence of the

---

[6]Commonwealth indicated that the information in the criminal complaint, criminal information, police reports and P.K.'s preliminary hearing testimony was as specific as the young victim was able to provide. (Doc 22, p. 50)

alleged extramarital affair.

In the PCRA opinion, which was wholly adopted by the superior court, the court concluded that trial counsel was not ineffective for failing to pursue the alleged extramarital affair between Mrs. Burckhard and Mr. Knott because Burckhard failed to show a relevant connection between the alleged affair and the abuse. (Doc. 22, PCRA Court opinion, pp. 53, 55). In support of the conclusion, the court reasoned that there was no evidence that such an affair was occurring prior to, or during the time of the alleged acts, there was no evidence that Mr. Knott was the actual perpetrator, and the evidence of the alleged affair was not relevant. Further, the victim identified Burckhard as the perpetrator of the abuse four years later.

Burckhard also takes issue with the trial court's jury instruction concerning the alleged affair, and the court's failure to read back his testimony regarding the alleged affair. Burckhard rasied both of these issues in his PCRA petition. The PCRA court noted that Burckhard's appellate counsel testified at the PCRA hearing regarding his strategy on appeal. "Attorney McGraw did not pursue this alleged claim of error on appeal because he did not feel the argument was as strong as the two issues he did appeal to the Superior Court. The Court determines [Burckhard's] claim of counsel ineffectiveness is without merit."

Review of the record reveals that the state court reasonably applied established federal law in reaching its decision, and that the state court decision was based on a reasonable application of the facts in light of the evidence presented at trial. Burckhard has not demonstrated that the state court's decision, when evaluated objectively, and on the merits, resulted in an outcome that cannot be reasonably justified. Matteo, 171 F.3d at 877. Burckhard is not entitled to habeas relief on any of these grounds.

c. Issue 4

Burckhard also argues that his conviction was not supported by sufficient evidence. In the PCRA proceedings, he contended that his appellate counsel was ineffective for failing to appeal his conviction based upon the lack of sufficient evidence. (Doc. 22, PCRA Court opinion, p. 55). He points out that the victim testified that the first time she discussed the abuse with an adult in 1994, she stated the abuse had started between three and four years earlier, which would put the abuse as occurring between 1990 and 1991. She also testified that she remembered all three Burckhard children being alive when the alleged acts occurred. Burckhard argues that, if both of these statements are true, there is insufficient evidence the abuse occurred between 1988 and 1989 and the conviction cannot stand.

The court determined that the ineffectiveness claim was without merit for the following reasons:

> To determine if evidence is sufficient to prove guilt beyond a reasonable doubt, the Court must view all of the evidence, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth. <u>Commonwealth v. Hamilton</u>, 488 A.2d 277, 339 Pa. Super. 1 (1985).
>
> [Burckhard] cites a trial statement by the victim, wherein she indicated that she remembered all three of [Burckhard's] children were alive when she was being abused. However, the victim also indicated she did not remember when [Burckhard's] youngest child was born. [Burckhard] also cites a statement by the victim that she initially told her guidance counsel in 1994 the abuse occurred three to four years earlier. However, her testimony at trial was not that the abuse occurred three or four years prior to 1994.
>
> The victim's trial testimony unequivocally stated the abuse occurred when she was in the first grade, 1988-89, and began almost immediately after Mrs. Burckhard began babysitting her in September of 1988. (June 2, 1997 Tr. Tans. At 115, 138, 140-41). Additional Commonwealth witnesses testified the victim clearly reported to them the abuse occurred immediately after Mrs. Burckhard began babysitting the victim in September of 1988. (June 3, 1997 Tr. Trans. at 137, 168, 173, 176).
>
> Additionally, appellate counsel indicated at [Burckhard's] PCRA hearing, he reviewed the sufficiency of the evidence claim and made a determination the

> evidence presented at [Burckhard's] trial was sufficient to support the verdict rendered. The Court determines [Burckhard's] appellate counsel was not ineffective for failing to raise an insufficiency of the evidence argument on appeal.

(Doc. 22, PCRA Court opinion, pp. 12-13).

Burckhard fails to establish that, in considering this claim, the state court unreasonably applied established federal law in reaching its decision, or that the state court decision was based on an unreasonable application of the facts in light of the evidence presented at trial. He also fails to demonstrate that the state court's decision resulted in an unjustifiable outcome. Matteo, 171 F.3d at 891. His request for relief on this ground will be denied.

d. Issue 5

The final issue concerns the trial court's failure to give a jury instruction on the subject of prompt complaint. Specifically, Burckhard states that "Defense Counsel requested the Court to provide specific instruction as to the 'Lack of Prompt Complaint,' and provided the Trial Court with the points of charge that would have assisted the Jury with a proper determination for the 'Failure of the Complainant having waited more than Six (6) years after the alleged Criminal Acts had occurred.[']" (Doc. 2, p. 28). He argues that the trial court denied defense counsel's request. (Id.).

In the PCRA proceeding, he argued that appellate counsel was ineffective for failing to appeal the trial court's denial of [Burckhard's] proposed jury instruction on lack of prompt complaint. However, because a prompt complaint instruction was given to the jury (June 4, 1997 Tr. Trans. at 14, 89), the court found the argument to be "wholly without merit." (Doc. 22, PCRA Court opinion, p. 59).

There is no indication that the state court unreasonably applied established federal law in reaching its decision, or that the state court decision was based on an unreasonable application of the facts in light of the evidence presented at trial. Burckhard has not demonstrated that the state court's

decision, resulted in an outcome that cannot be reasonably justified. Matteo, 171 F.3d at 877. Burckhard is not entitled to habeas relief on this ground.

3. Conclusion

The PCRA court stated"[f]or all of the foregoing reasons, the Court determines [Burckhard] has not proven by a preponderance of the evidence that his conviction resulted from ineffective assistance of counsel 'which . . . so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.' 42 PA.C.S.A. § 9543(a)(2)(ii)." (Doc. 22, PCRA Court opinion, p.59). As stated earlier, although the state court did not cite to Strickland, the standard of review utilized was the same as the governing United States Supreme Court standard. Further, thorough review of the record demonstrates that the state court decision was based on a reasonable application of the facts in light of the evidence presented at trial. Consequently, the petition for writ of habeas corpus will be denied as to these issues

**III. Conclusion**

In accordance with the foregoing memorandum, the petition for writ of habeas corpus will be denied. An appropriate order follows.

**IV. Order**

**AND NOW**, this 13th day of July 2006, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the foregoing memorandum, **IT IS HEREBY ORDERED THAT** :

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.
2. The Clerk of Court is directed to CLOSE this case.
3. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

S/ Yvette Kane
Yvette Kane
United States District Judge